## Strong *et al. versus* Burdick *et ux.*

The mere fact that a wife claimed as belonging to her all of the goods levied upon and advertised to be sold as the property of her husband, and gave notice of such claim at the sale, but was afterward on the trial in an action brought by her for trespass only able to establish her claim to a part of these goods, did not constitute *per se* a fraud on the creditors of the husband, defeating her right to recover.

ERROR to the Court of Common Pleas of *Erie County.*

Trespass by S. H. Burdick and Lucy M. Burdick, his wife, in right of the wife, against G. L. Strong, Byron Edmunds, and John Cowicks, to recover damages for a levy upon and sale of certain goods and chattels as the property of the husband of the plaintiff, which were alleged to belong to the wife.

Upon the trial in the Court below before GALBRAITH, P. J., it appeared in evidence that May 16th, 1877, G. L. Strong recovered judgment against S. H. Burdick and John A. Dustin for $106.92. Under an execution issued upon this judgment, Edmunds, one of the defendants, a constable, levied upon the following property, viz.: About 100 bushels of corn

in the crib, 30 bushels on the wagon; about 4 tons of hay in the barn; 2 ploughs; a quantity of corn-stalks; 5 bushels of oats; 1 two-horse wagon, nearly new; 4000 feet hemlock lumber, dry; 1 grindstone; 1 mowing machine; 1 heifer calf; 2 pigs; 1 straw stack.   On the 13th day of November the constable sold all of the above property, except the wagon, to various bidders, for $94.89.

Prior to the sale, the plaintiff gave to the constable, and posted on the barn, copies of the following notices:

### " Notice.

" *Mr. Edmunds:* I forbid you to sell any of the property you have advertised on my premises for sale.   If you sell my property for Squire Burdick's debts, or my interest in property here on my premises, I will prosecute to recover my property.

"I also forbid any person or persons to buy any of the above-mentioned property, for it belongs to me and not Squire Burdick.

"Lucy Burdick."

### " Notice.

" *Mr. Edmunds:* I forbid you to sell any of the property, or my interest in any of the property here on my premises that you have levied on and advertised for sale, for it is mine, and I will use all lawful means to recover my property and damages.

" I also forbid any person or persons to buy any of the above-mentioned property exposed here for sale by Mr. Edmunds, the present constable of Mill Village.

"Lucy Burdick."

Upon the trial the plaintiff claimed only six of the above-designated articles.

Counsel for defendant asked the Court to charge, *inter alia:*

" 3. That if part of the property claimed by Mrs. Burdick belonged to her and part was owned by her husband, then her claim of ownership to the whole was a fraud upon the creditors of her husband, and must defeat her right to recover in this action for any part of the property, and the verdict must be for the defendants."

The Court answered this point as follows:

" 3. This point is refused.   It would be a severe rule that would defeat the claim of a wife to property belonging to her because the evidence fails to substantiate her ownership in all the effects in controversy."

[Kuntzler *v.* Rick.]

Counsel for defendant excepted to this answer. December 10th, 1880, verdict for the plaintiff for $60; upon which judgment was entered.

Defendant took a writ of error, assigning as error the answer to the above point.

*G. A. Allen* and *L. Rosenzweig*, for plaintiffs in error.

The ruling of the Court below in this case would render fraud easy, place officers of the law executing writs of execution in a precarious position, and make it impossible for them to do justice to creditors and at the same time do justice to third parties owning a portion of property levied upon.

Creditors have certainly a right to seize and sell whatever property the defendant or defendants in an execution may own, but the rule as stated by the Court below would cover it up under a false claim of the wife, simply because a portion of the property levied upon really belonged to the wife.

*Benson* and *Brainerd*, for defendants in error.

October 31st, 1881.—Per Curiam: The answer of the Court to the defendant's third point, which is the only error here assigned, was entirely right. The mere fact that the plaintiff claimed as belonging to her all the goods levied upon and advertised to be sold, and gave notice of such claim at the sale, when she afterward was only able to establish her claim to a part, was certainly not *per se* a fraud on the creditors of her husband. She may have honestly believed that she was the owner of them all, and failed to substantiate her title from defect of evidence.

Judgment affirmed.